JUDGE SULLIVAN

08 CV 6470

COPY

Cozen O'Connor
Attorneys for Plaintiff
John B. Galligan, Esquire (JBG-1589)
45 Broadway, 16th Floor
New York, New York 10006
(212) 509-9400

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

EVEREST NATIONAL INSURANCE COMPANY
as subrogee of Bayard Views LLC/
Bayard Views Condominium,
20 Bayard Street
Brooklyn, NY 11211,

CIVIL ACTION NO.

                    Plaintiff,

            v.                                          **JURY TRIAL DEMANDED**

ADD PLUMBING, INC.                              RECEIVED
122 Evergreen Avenue                              JUL 21 2008
P.O. Box 110422                                 U.S.D.C. S.D. N.Y.
Brooklyn, NY 11206                                   CASHIERS

                    Defendant.
--------------------------------------------------------------X

## COMPLAINT

Plaintiff, Everest National Insurance Company, by and through its counsel, upon information and belief, hereby asserts, as follows:

## THE PARTIES

1.      At all times material hereto, Plaintiff, Everest National Insurance Company [hereinafter "Everest"], was a corporation organized and existing under the laws of the State of Arizona, with its principal place of business located in Liberty Corner, New Jersey.

2.      At all times material hereto, Plaintiff Everest was engaged in the business of issuing property insurance and was duly authorized to issue policies of insurance within the State of New York.

3.    At all times material hereto, Defendant, ADD Plumbing, Inc. [hereinafter "ADD, Inc."], was a corporation organized and existing under the laws of the State of New York, with its principal place of business located in Brooklyn, NY, which did business as a plumbing contractor.

## JURISDICTION AND VENUE

4.    The jurisdiction of this Court is proper pursuant to 28 USC §1332 as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

5.    Venue is proper in this district pursuant to 28 USC §1391 as the events or omissions giving rise to the claims at issue occurred within this district and defendant is subject to personal jurisdiction within the district.

## FACTUAL ALLEGATIONS

6.    At all times material hereto, Bayard Views LLC/Bayard Views Condominium ["Bayard Views"] owned certain real and personal property located at 20 Bayard Street, Brooklyn, New York [hereinafter the "property"].

7.    At all times material hereto, Plaintiff Everest insured Bayard Views's interest in their property.

8.    Prior to May `9, 2008, Defendant ADD, Inc. performed plumbing work, including soldering pipes in the area of Unit 17(a) at the property.

9.    On or about May 19, 2008, a water loss originated in or around Unit 17(a) at the property.

10.    Given the severe and extensive water damage, Bayard Views submitted a claim to Plaintiff Everest and, pursuant to the terms and condition of its policy of insurance, Plaintiff Everest has paid an amount in excess of $75,000, representing the fair and reasonable value and cost of the resulting damage, as covered under the applicable policy.

11.    To the extent of its payments, Plaintiff Everest is subrogated to the rights of its insured, Bayard Views.

### COUNT I - NEGLIGENCE

12.    Plaintiff incorporates the preceding allegations, by reference.

13.    Bayard Views' damages were directly and proximately caused by the negligence, carelessness, negligent omissions and/or gross negligence of Defendant ADD, Inc., acting by and through its agents, employees and/or servants, within the scope and course of their employment, in:

(a)    failing to properly and adequately solder plumbing joints and connections;

(b)    failing to properly inspect and review its soldering and plumbing work;

(c)    failing to exercise due care in the provision of its plumbing services;

(d)    failing to provide its services in compliance with the applicable industry standards and code requirements;

(e)    failing to properly and adequately inspect the work of its employees, agents, and/or contractors;

(f)    failing to hire properly and adequately trained employees, agents, and/or contractors;

(g)    otherwise causing or allowing the water loss to occur; and

(h)    otherwise failing to use due care as will be disclosed in the course of discovery.

14.    By reason of the aforesaid negligent acts and omissions, Bayard Views sustained severe and extensive damages.

WHEREFORE, Plaintiff, Everest National Insurance Company, as subrogee of Bayard Views demands judgment against Defendant for an amount in excess of $75,000,

together with interest, the costs of this action, and such other and further relief as the Court may award.

Dated: July 18, 2008

Respectfully Submitted,

COZEN O'CONNOR

BY: _____

John B. Galligan, Esquire (JBG-1589)
45 Broadway Atrium
Suite 1600
New York, NY 10006
(212) 509-9400

CO-COUNSEL:
James P. Cullen, Esquire
Joseph F. Rich, Esquire
COZEN O'CONNOR
1900 Market Street
The Atrium - Third Floor
Philadelphia, PA 19103
(215) 665-4102